# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH NUNEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, [1]<br><br>        Defendant.<br>_____/ | Case No. 1:16-cv-00294-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 19) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits, Plaintiff filed an application for an award of attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,087.40. (*See* Doc. 19, seeking an award of $5,081.06 in total fees (25.85 hours in attorney time and $6.34 in costs).)

On March 5, 2018, Defendant filed an opposition asserting Plaintiff is not entitled to fees under the EAJA because Defendant's position was substantially justified. (*See* Doc. 21.) Alternatively, Defendant contends that the number of hours sought is unreasonable and should be reduced accordingly. (*Id*.)

//

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on February 27, 2017). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED IN PART.

## I. BACKGROUND

Plaintiff filed this action on March 2, 2016, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits. (Doc. 1.) On October 18, 2017, the Court issued an order reversing the ALJ's decision and remanding the case for award or benefits based on the ALJ's failure to fully and fairly develop the record. (Doc. 18.)

On January 16, 2018, Plaintiff filed a motion for EAJA fees and expenses, contending she is the prevailing party in this litigation and seeking a total award of $6,017.63 payable to her attorney Kelsey Mackenzie Brown. (*See* Doc. 19 at 8, seeking an award of $5,081.06 in total fees (25.85 hours in attorney time and $6.34 in costs).) Defendant filed an opposition asserting that Plaintiff's fee request should be denied because Defendant's position was substantially justified. (*See* Doc. 21 at 3–4.) Defendant asserts that the treatment records from Plaintiff's treating physician that the ALJ failed to obtain are dated more than a year after the March 1, 2011 cessation date, and therefore are not material to the question of Plaintiff's residual functional capacity on or before that date. (*See id.*) Thus, Defendant contends there was a "genuine dispute" as to whether remand for the ALJ's failure to fully and fairly develop the record was warranted. (*Id.*)

Alternatively, Defendant contends that Plaintiff spent an unreasonable number of hours on this case and impermissibly billed her time in "large and unexplained block-billing entries." (Doc. 21 at 6.) Specifically, Defendant asserts that Plaintiff's counsel should not be compensated for 7.0 hours of time spent researching and drafting Plaintiff's opening brief because it is largely duplicative of Plaintiff's confidential letter brief. (*See id.* at 5–6.) Defendant also contends that the Court should order any fees awarded be paid to Plaintiff, rather than his attorney, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010). (*See id.* at 7–8.)

It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

## III. ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether Defendant's actions were substantially justified.

//

**A. The Government's Position was Not Substantially Justified.**

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161.

In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)). The burden of establishing substantial justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, the Court found that the ALJ committed legal error by failing to fully and fairly develop the record, which invalidated both his findings of medical improvement and Plaintiff's residual functional capacity based on those findings. (*See* Doc. 17.) "[W]hen the government violates its own regulations, fails to acknowledge settled circuit case law, *or fails to adequately develop the record*, its position is not substantially justified." *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1081 (E.D. Cal. 2017) (emphasis added). *See also Gutierrez*, 274 F.3d at 1259–60; *Sampson v. Chater*, 103 F.3d 918, 921–22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as

his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical reports, both in posing questions to the VE and in his final decision, which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Stewart v. Sullivan*, 810 F. Supp. 1102, 1106 (D. Haw. 1993) (Secretary's position not "substantially justified" because although "[t]he ALJ's determination may have been supported by the record,. . . the record was incomplete . . . .").

Defendant asserts that its position was substantially justified because "it remains to be seen how remand would produce time-relevant treatment records" from Plaintiff's treating where the records from, dated June 2012 to September 2012, were "not material to the question of Plaintiff's residual functional capacity on or before [Plaintiff's disability cessation date of] March 2011" and "they had not been produced in the six years after Plaintiff first received notification of her continuing disability." (Doc. 21 at 4.) Defendant's argument is unavailing.

The Ninth Circuit has held that medical evidence from after the cessation date is relevant to whether Plaintiff experienced medical improvement as of her cessation date. (*See* Doc. 17 at 15 (citing *McNabb v. Barnhart*, 340 F.3d 943, 945 (9th Cir. 2003) (remanding to the district court to consider all of the evidence before the ALJ, including "post-cessation date" evidence, because it "may well be relevant to determine [the claimant's] condition as of the cessation date.").) As discussed in the order remanding this action for further proceedings, although Plaintiff's cessation date of March 1, 2011, is the relevant date in this case, clearly the ALJ deemed the medical record at the time of the hearing "inadequate to allow for proper evaluation of the evidence"—thus triggering his duty to develop the record—otherwise he would not have promised at the hearing, repeatedly, that he would "get all the records" from Plaintiff's treating physician Dr. Kinzie and that he would leave the record open until he did so. (*See* Doc. 17 at 14–15 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).) It is reasonable that Plaintiff would rely on the ALJ's repeated promises to procure the records, particularly given the ALJ's duty to "assure that [Plaintiff's] interests are considered" and to be "especially diligent in exploring for all the relevant facts" where, as here, Plaintiff was unrepresented at the hearing level. *Tonapetyan*, 242 F.3d at

1150. The ALJ's failure to obtain Dr. Kinzie's records contravened the relevant case law establishing an ALJ's special duty to ensure that the record is fully and fairly developed before rendering a decision. *See id.* at 1151. *See also Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

That the Commissioner believed her litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). The Commissioner has not satisfied her burden to show the government's position was substantially justified at each stage of the proceedings. Accordingly, because the Commissioner's position in defending the ALJ's erroneous conduct was not substantially justified, s*ee Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("[T]he defense of basic and fundamental errors . . . is difficult to justify."), and there are no other special circumstances that would make an award of EAJA fees unjust, the Court finds that Plaintiff is entitled to an award of fees and costs pursuant to the EAJA.

### B. Plaintiff's Fee Request Must Be Modified.

Plaintiff seeks a total award of seeking an award of 5,087.40, comprised of 25.85 hours of attorney time and $6.34 in costs, payable to her attorney Ms. Brown. (*See* Doc. 19 at 8.) Defendant does not object to Plaintiff's hourly rate[2] but contends that the hours Plaintiff requests are unreasonable on two grounds: that Plaintiff's counsel should not be compensated for 7.0 hours of time spent researching and drafting Plaintiff's opening brief because it is largely duplicative of Plaintiff's confidential letter brief and that Plaintiff's counsel had improperly billed her time in "large and unexplained block-billing entries." (Doc. 21 at 5–7.) On its own motion, the Court notes inappropriate billing of activities more properly delegated to clerical or paraprofessional staff.

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per

---

[2] Defendant also does not object to Plaintiff's request for $6.34 for costs.

hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.³ 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley* 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### 1. "Block Billing"

The Court has examined the billing records and has considered Defendant's arguments. Plaintiff's confidential letter brief is not a part of the record; consequently, the Court is unable to determine whether and how much of the letter brief was used to generate the opening brief. This lack of information is compounded by Ms. Brown's "block billing" format, which identifies

---

³ In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff requests an hourly rate of $192.68 for attorney work performed in 2016 and an hourly rate of $196.79 for attorney work performed in 2017. These rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

7

several tasks within one time entry and does not specify how much time she took to complete tasks recorded in the entries. For example, Ms. Brown asserts that on January 17, 2017, she continued reviewing cases on point regarding credibility, finalized an outline, drafted the confidential letter brief, and "pull[ed] cites." (Doc. 19-1 at 1.) On April 16, 2017, she drafted the opening brief's "medical improvement argument, Plaintiff credibility, [p]rocedural sections ([m]edical evidence, [t]estimony)," drafted "harmful error and remedy" arguments, drafted "tables," and edited the "whole doc[ument]." (*Id.*) Ms. Brown reports she spent 13.8 hours on these tasks over the two days, without specifying how much time she spent on the individual tasks. Although Plaintiff is not precluded from charging for some amount of time spent preparing the opening brief, even if some duplication of efforts occurred, *see Sanchez v. Berryhill*, No. 1:15-CV-00510-EPG, 2017 WL 1709326, at *4 (E.D. Cal. May 3, 2017), the Court is unable to identify specific time to be eliminated since the block-billing format that Ms. Brown uses does not identify the specific time spent on any discrete element of the brief's preparation.

As observed by the Ninth Circuit, "block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Although counsel is " not required to record in great detail how each minute of [her] time was expended," *Hensley*, 461 U.S. at 437 n.12, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Yeng Xiong v. Astrue*, No. 1:10–cv–01671–JLT, 2012 WL 4210121, at *3 (E.D. Cal. Sept. 19, 2012) (quoting *Chamers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). *See also Hensley*, 461 U.S. at 437 ("The applicant . . . should maintain billing records in a manner that will enable a reviewing court to identify distinct claims"). The Court may reduce a fee award request when "documentation of hours is inadequate." *Hensley*, 416 U.S. at 433. The Ninth Circuit has explained that, where the attorney presents time in "blocks," the Court may "simply reduce [ ] the fee to a reasonable amount." *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir .2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). *In Moreno v. City of Sacramento*, the Ninth Circuit concluded "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of

1 discretion . . . ." 534 F.3d 1106, 1112 (9th Cir. 2008); *see also Costa v. Comm'r of Soc. Sec.*
2 *Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012). Accordingly, the Court will deduct ten percent of
3 the time, or 1.4 hours, for the time spent on January 17, 2017 and April 16, 2017. *Cf. Oberdieck v.*
4 *Astrue*, No. 1:10cv01692 AWI DLB, 2012 WL 3270460, at *3 (E.D. Cal. Aug. 9, 2012) (reducing
5 the hours expended on briefing, and explaining that "[t]he Court has often noted that preparing the
6 Confidential Letter Brief likely frames the issues and allows some cross-over for the Opening
7 Brief").

   **2.    Clerical and Paraprofessional Work**

9 Attorneys and paralegals may not legitimately bill for clerical or secretarial work.
10 *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "It is appropriate to distinguish between legal
11 work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and
12 other work which can often be accomplished by nonlawyers but which a lawyer may do if he has
13 no other help available." *Id.* "[T]he court should disallow not only hours spent of tasks that
14 would normally not be billed to a paying client, but also those hours expended by counsel on tasks
15 that are easily delegable to non-professional assistance." *Spegon v. Catholic Bishop of Chicago*,
16 175 F.3d 544, 553 (7th Cir. 1999) (internal quotations omitted). Clerical work may not be billed
17 since it is part of a law firm's overhead. *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325–26 (5th
18 Cir. 1980). *Cf. Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing paralegal bills
19 to account for erroneous billing of clerical work performed by paralegal).

20 The Court finds that nearly all of the .5 hours billed on June 26, 2016 and July 1, 2016, to
21 prepare the summons and documents for service and to prepare, review, and electronically file the
22 consent to a magistrate judge was work reasonably to be performed by an experienced legal
23 secretary. While the Court acknowledges that Ms. Brown likely would review these documents
24 before their filing with the Court, all of the listed documents are boilerplate forms to be completed
25 by the word processor inserting relevant information, an appropriate clerical task. Similarly,
26 clerical staff would likely perform the actual filing of the documents. The Court reduces these two
27 entries to .2 hours total—sufficient time to review these brief documents before returning them to

staff for filing.[4]

In addition, Ms. Brown billed .45 hours on March 2, 2016, to, among other things, prepare and file the complaint, civil cover sheet, and application to proceed in forma pauperis. Even though Ms. Brown may deem it necessary to perform a final review of her staff's work and bill accordingly, the tasks themselves are secretarial or paralegal work. The Court reduces this item to .25 hours.

**C.     Payment of Fees to Plaintiff**

Finally, Defendant requests that any fee award be made to Plaintiff. (Doc. 21 at 7–8.) *Astrue v. Ratliff*, 560 U.S. 586 (2010), requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district routinely order payment directly to counsel so long as the plaintiff does not have a debt that is subject to offset and she assigned her right to EAJA fees to counsel. *See Young v. Berryhill*, No. 2:14–cv–2585–EFB, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases). Here, Plaintiff assigned her right to EAJA fees to her attorney. (Doc. 19-3.) Accordingly, should Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's counsel reasonably expended .95 hours, at a rate of $192.68 per hour, and 23 hours, at a rate of $196.79 per hour, litigating this case. The Court further finds that Plaintiff incurred $6.34 in costs.

Accordingly, it is hereby ORDERED that:

1.     Plaintiff's motion for attorney's fees and expenses under the EAJA (Doc. 19) is GRANTED IN PART;

2.     Plaintiff is awarded attorney's fees under the EAJA in the amount of $4,709.22, plus $6.34 for costs, for a total award of $4,715.56; and

3.     Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal

---

[4] The Court does not know whether or not Ms. Brown employs staff to assist her in her law practice. It does not matter. An attorney may not bill attorney's fees for performing clerical work.

debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: **April 2, 2018** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE